UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-23388-CIV-MARTINEZ-BECERRA

JOSEPH RESTIVO,

    Plaintiff,

v.

CHARLES PENNACHIO and RESTORED
DREAMS, LLC,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THE MATTER** was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for a Report and Recommendation on Plaintiff Joseph Restivo's Amended *Ex-Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ("TRO Motion"). (ECF No. 26). After holding an evidentiary hearing on the Motion, Magistrate Judge Becerra filed a Report and Recommendation ("R&R"), recommending that the Motion be denied (ECF No. 43). Plaintiff timely filed Objections to the R&R (ECF No. 45), and Defendant Charles Pennachio responded to those Objections (ECF No. 46). The Court, having conducted a *de novo* review of the record and the issues presented in Plaintiff's Objections, agrees with Magistrate Judge Becerra that Plaintiff is not entitled to injunctive relief. Though Plaintiff's Objections were thoroughly and properly analyzed in the R&R, the Court will briefly address them below.

Plaintiff Restivo makes five specific objections to the R&R's findings, which he contends "wholly ignore [his] entire argument that the question of priority is established by *issue preclusion*[.]" (ECF No. 45, at 4) (emphasis in original). Stated differently, Plaintiff Restivo argues that because priority of the LINEAR mark was decided in 2017 by the Trademark Trial and

1

Appeal Board ("TTAB"), he met his "burden of showing trademark priority for purposes of the present application for TRO." (ECF No. 45, at 4). This argument merely reiterates the arguments made in the TRO Motion and ignores Judge Becerra's conclusion that the TTAB's decision on the issue of ownership does not preclude Defendant Pennachio from defending the instant action on the issue of trademark infringement. (ECF No. 43, at 14). Simply put, ownership and infringement are different issues.

Relatedly, Plaintiff Restivo argues that Judge Becerra erred in considering Defendant Pennachio's declarations on the issue of priority because this issue was already litigated and decided by the TTAB. (ECF No. 45, at 4). Plaintiff Restivo contends that he established priority because he registered the LINEAR mark in 2012 and the TTAB dismissed Defendant Pennachio's petition for cancellation of the registration for failure to prosecute. (ECF No. 43 at 2). As Judge Becerra correctly noted, the registration of the LINEAR mark creates a *rebuttable* presumption of validity and exclusive use. (ECF No. 43, at 16). Indeed, ownership via registration can be limited by priority of use. (ECF No. 43, at 17). Here, Defendant Pennachio claims to have first use of the mark and offered significant evidence regarding his use of the LINEAR mark, which Plaintiff Restivo did not rebut by counter affidavit. (ECF No. 43, at 17–18). Judge Becerra correctly determined that Plaintiff Restivo failed to show a substantial likelihood of success on the issue of priority, an element of Plaintiff Restivo's trademark infringement claims. (ECF No. 43, at 3, 17–18).

Plaintiff Restivo's last objection contests Judge Becerra's determination that the TRO Motion did not establish irreparable harm. (ECF No. 45, at 4). Judge Becerra concluded that the TRO Motion did not establish irreparable harm because the "unrebutted evidence submitted by Defendant Pennachio indicates that he has been continuously using the LINEAR mark as the name for a band he created in 1989," that Plaintiff Restivo was a part of that band from 1989 through

1994, and that Plaintiff Restivo knew Defendant Pennachio continued to use the mark after Plaintiff registered it but did nothing to stop that use. (ECF No. 43, at 19–20). Judge Becerra found that because Plaintiff Restivo has not had control of the mark since 2012, no irreparable harm will occur by allowing Defendant Pennachio to use the mark at the upcoming "I Love the 80's" concert. (ECF No. 43, at 20). Plaintiff Restivo objects, arguing that Defendant Pennachio's prior references to LINEAR "had always been autobiographical, and never in connection with live music events or any other offering." (ECF No. 45, at 5). But, as Defendant Pennachio notes, the evidence shows that he "continuously released and re-released LINEAR music throughout the entire time period," used social media to maintain LINEAR goodwill and sell LINEAR music, and took action against Plaintiff Restivo on two separate occasions for Plaintiff's use of the mark. (ECF No. 43, at 10). Thus, the Court adopts Judge Becerra's well-reasoned analysis and conclusion regarding Plaintiff Restivo's failure to show an entitlement to injunctive relief.

Accordingly, after careful consideration, it is hereby **ADJUDGED** that

1. United States Magistrate Judge Becerra's Report and Recommendation, (ECF No. 43), is **AFFIRMED** and **ADOPTED**.

2. Plaintiff's TRO Motion, (ECF No. 26), is **DENIED**.

3. Plaintiff's Motion for Leave to File a Reply in Support of Objections to Magistrate Judge's Report and Recommendations, (ECF No. 47), is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of November, 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record