UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 21-23388-CIV-MARTINEZ/BECERRA**

JOSEPH RESTIVO,

      Plaintiff/Counter-Defendant,

v.

CHARLES PENNACHIO,

      Defendant/Counter-Plaintiff,

and

RESTORED' DREAMS, LLC,

      Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Counter-Defendant Joseph Restivo's Motion to

Dismiss ("Motion"). (ECF No. 62). The Court has carefully reviewed the Motion and the pertinent

portions of the record. After careful consideration, the Motion is **GRANTED in part and**

**DENIED in part**.

### I.      BACKGROUND

Counter-Plaintiff Charles Pennachio is a career singer, musician, and entertainer.

(Countercl. ¶ 9, ECF No. 61). In 1989, Pennachio co-founded the musical group LINEAR. (*See*

*id.* ¶ 14). Pennachio alleges that Counter-Defendant Joseph Restivo was a "hired gun" member of

LINEAR from 1989, when Pennachio hired him, to 1994, when Pennachio fired him. (*Id.* ¶ 11).

In 2008, Pennachio learned that Restivo and a "Mr. Pauley"—who is also a former member

of LINEAR—were holding themselves out as "LINEAR LINEAR" and were performing music

together.  (*Id.* ¶ 66).  Shortly thereafter, Pennachio's attorney sent a cease-and-desist letter to Restivo and Pauley, advising them of Pennachio's ongoing rights to the LINEAR mark.  (*Id.* ¶ 68). Pennachio alleges that after his lawyers sent the cease-and-desist letter, Pennachio and Restivo reached an oral agreement in which Restivo promised to "limit his use of LINEAR to factual references to his prior membership in [the band], and agreed not to use LINEAR, or anything confusingly similar to LINEAR as a trademark or brad, or in a manner that could confuse consumers[.]" (*Id.* ¶¶ 70–71).  In exchange, Pennachio promised to not pursue legal action against Restivo.  (*Id.* ¶ 179).

Restivo began violating that agreement almost immediately, and, as a result, on May 28, 2008, Pennachio filed a trademark infringement, trademark dilution, and violation of publicity rights lawsuit against Restivo and Pauley in this Court.  (*Id.* ¶¶ 72–73).  The parties allegedly reached an agreement again where Reestivo would limit his use of LINEAR only to reference the fact that he had been a member of LINEAR in the past, and Pennachio dismissed the lawsuit in reliance of this promise.  (*Id.* ¶¶ 74–75).

In 2012, Pennachio learned that Restivo had used LINEAR in connection with a musical performance, in violation of their purported 2008 oral agreement.  (*Id.* ¶ 76).  Upon learning of Restivo's use of LINEAR, Pennachio sent text messages to Restivo, warning him to stop using the LINEAR mark.  (*See id.* ¶ 77).  On March, 27, 2012, four days after this text exchange, Restivo filed an application with the United States Patent and Trademark Office ("USPTO") for registration of LINEAR as a federal trademark for "Entertainment in the nature of live performances, Entertainment, namely, live music concerts, Entertainment [sic], live performances by a musical band." (*Id.* ¶ 78).  In response, Pennachio's attorney sent Restivo another cease-and-desist letter, demanding that Restivo stop his ongoing use of LINEAR and reminding Restivo of

the 2008 oral agreement.  (*See id.* ¶¶ 77–78).  In connection with his application, Restivo claimed

a first use in commerce of LINEAR in 1989.  (*Id.* ¶ 82).  Pennachio filed a Notice of Opposition

to Restivo's application in October 2012.  (*Id.* ¶ 100).  Despite Pennachio's Opposition, the

USPTO issued a registration certificate for LINEAR to Restivo on February 19, 2013 (the "2013

Registration").  (*Id.* ¶ 85).

Shortly thereafter, on February 27, 2013, Pennachio filed a Petition for Cancellation of the

2013 Registration ("Cancellation Proceedings").[1]   (*Id.* ¶ 103; ECF No. 16-3 at 1–15).   The

Cancellation Proceedings lasted nearly four years, and, in January 2017, the Trademark Trial and

Appeal Board ("TTAB") granted Restivo's motion for judgment and dismissed Pennachio's

Cancellation petition "with prejudice." (ECF 16-3 at 20).  In the Cancellation petition, Pennachio

argued that he was the prior user of LINEAR.  (*See* ECF No. 16-3 at 12–15).  However, the TTAB

did not address the merits of Pennachio's claims.  Instead, the TTAB granted Restivo's motion for

judgment because Pennachio "failed to take any testimony or submit any evidence during his

assigned testimony period."  (ECF No. 16-3 at 20).

In 2018, Restivo filed a Declaration of Use under Section 8 of the Trademark Act in

connection with the 2013 Registration, and he submitted three specimens purporting to show his

continued use in commerce of LINEAR.  (*Id.* ¶ 86).  Pennachio alleges that the specimens were

---

[1]  Although courts generally limit their consideration to the pleadings when ruling on a motion to
dismiss, courts ruling on a motion to dismiss may take notice of the public record, because such
documents are "not subject to reasonable dispute" and are "capable of accurate and ready
determination[.]" *Horne v. Potter*, 392 F. App'x. 800, 802 (11th Cir. 2010) (quoting Fed. R. Evid.
201(b)).  A pleading filed in another court meets this criterion. *Universal Express, Inc. v. U.S.
SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (judicial notice of public records, such as court filings,
is proper).  Pennachio does not dispute the authenticity of the TTAB documents attached to
Restivo's Motion to Dismiss and the Second Amended Complaint.  Accordingly, the Court takes
judicial notice of these documents, (ECF Nos. 16-3, 40-2, 40-3, 40-4, 40-5, and 40-6), and
considers them for purposes of this motion to dismiss.

inadequate because they did not reflect Restivo's use of LINEAR in commerce as a trademark. (*Id.* ¶¶ 87–91).  In 2019, Restivo filed a Declaration of Incontestability under Section 15 of the Trademark Act in connection with the 2013 Registration, based on Restivo's purported continued use in commerce of LINEAR during the five years following registration.  (*Id.* ¶ 92).  Regarding Restivo's Sections 8 and 15 filings, Pennachio also alleges that "Restivo's representations were false, as reflected in the completely inadequate 2018 Specimens[,]" (*id.*), and that "LINEAR was neither owned by nor being used by Restivo" at the time Restivo filed the Section 8 and 15 declarations in 2018 and 2019, (*id.* ¶¶ 123, 124).  Pennachio also alleges that "Restivo knew that Pennachio had the sole and exclusive right to use [LINEAR] in commerce" at the time of filing the application for and renewal of the registration.  (*Id.* ¶ 137).  Pennachio insists that "[b]ased on [Restivo's] status as a former member of the Linear musical group, Restivo knew that Pennachio was the exclusive owner of the LINEAR mark."  (*Id.* ¶ 140).  Accordingly, Pennachio alleges that Restivo made fraudulent filings and statements to the USPTO.  (*Id.* ¶ 106).

In 2019, Restivo filed a new application (the "2019 Application") with the USPTO for the LINEAR mark, this time for "[c]lothing, namely, shirts, sweaters, blouses, jackets, slacks, hats and baseball caps," and for "[a]dvertising services, namely, promoting the brands, goods and services of others; endorsement services, namely, promoting the goods and services of others."  (*Id.* ¶ 94). In October 2020, Pennachio filed a Notice of Opposition to this application, which is currently pending before the TTAB.  (*Id.* ¶ 107).

In the present litigation, Pennachio has brought eight Counterclaims against Restivo.  The First, Second, and Third Counterclaims relate to Restivo's 2013 Registration for the mark LINEAR in connection with entertainment services.  The Fourth, Fifth, Sixth, and Seventh Counterclaims relate to Restivo's allegedly infringing use of the mark LINEAR.  Finally, the Eighth Counterclaim

seeks relief for Restivo's breach of the alleged 2008 oral agreement to cease using LINEAR as a trademark.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint that "fail[s] to state a claim upon which relief can be granted" will be dismissed.  To survive dismissal, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  At this stage, "the question is whether the complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Worthy v. Phenix City*, 930 F.3d 1206, 1217 (11th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In ruling on a motion to dismiss, the Court "accepts the factual allegations in the complaint as true and construes them in the light most favorable to plaintiff." *Speaker v. U.S. HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  A complaint that merely provides "labels and conclusions or a formulaic recitation of the elements of a cause of action" or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" is insufficient to survive a Rule 12(b)(6) motion to dismiss.  *Worthy*, 930 F.3d at 1217 (internal quotations and citations omitted). "Where a complaint pleads facts merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Hernandez v. GM Fin. Co.*, No. 19-cv-20136, 2019 U.S. Dist. LEXIS 42690, at *4–5 (S.D. Fla. Mar. 13, 2019) (citing *Iqbal*, 556 U.S. at 678) (internal quotations omitted).

## III.    DISCUSSION

The Court will first address Pennachio's First**,** Second, and Third Counterclaims (the "Registration Counterclaims"), which all relate to Restivo's 2013 Registration for the mark "LINEAR" in connection with entertainment services.  Then, the Court will turn to Pennachio's

Fourth, Fifth, Sixth, and Seventh Counterclaims (the "Infringement Counterclaims"), which relate to Restivo's allegedly infringing use of the LINEAR mark. Lastly, the Court will address Pennachio's Eighth Counterclaim for breach of the alleged 2008 oral agreement.[2]

### A. The Registration Counterclaims are Subject to Partial Dismissal Only

Restivo moves for partial dismissal of the First Counterclaim for declaratory relief, paragraphs 119(a) and (h), and for dismissal of the Second and Third Counterclaims for relief arguing that they are barred by *res judicata* or claim preclusion. He further argues the fraud allegations in the Second and Third Counterclaims are not sufficiently pled. Finally, Restivo maintains that partial dismissal of the Third Counterclaim is appropriate because this Court does not have authority to adjudicate a pending application before the USPTO. After careful consideration, Restivo's Motion as to the Registration Counterclaims is granted in part and denied in part, as stated herein.

### i. Claim preclusion

Claim preclusion or *res judicata* bars re-litigation of matters adjudicated in a prior proceeding if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involved the same parties or their privies; and (4) both cases involve the same causes of action. *See Israel Discount Bank Ltd. v. Entin*, 951 F.2d

---

[2] Restivo also moved to dismiss the Counterclaim in its entirety arguing that it is a shotgun pleading, but this argument is without merit. Restivo maintains that the Counterclaim is a shotgun pleading because it "incorporates prior allegations and conclusions which are immaterial and irrelevant to the respective claim." (Mot. Dismiss at 18). A shotgun pleading is one that "contains multiple counts that each adopt the allegations of *all* preceding counts." *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019) (emphasis added). Pennachio does not do this. In each of his counterclaims, Pennachio only adopts the allegations set forth in paragraphs 1 through 115, which outline the general facts applicable to all claims. Notably, Restivo's amended complaint *is* a shotgun pleading that adopts and incorporates all previous allegations into each claim, but Pennachio did not seek dismissal on this ground, so the issue is not before the Court. Restivo's Motion is denied.

311, 314 (11th Cir. 1982); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir. 1990). A TTAB ruling is afforded preclusive effect if the elements of *res judicata* are established. *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 152 (2015). If a party invoking the *res judicata* doctrine establishes all four elements, "the court then determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." *Vernon v. Ziel*, No. 18-24054-CIV, 2020 WL 4501802 (S.D. Fla. June 15, 2020) (citing *In re Justice Oaks II*, 898 F.2d at 1552).

Restivo argues that Pennachio's ownership claims are barred by *res judicata* because the TTAB dismissed Pennachio's cancellation proceedings with prejudice in 2017. Pennachio's response is two-fold. First, Pennachio argues that, as previously held by the undersigned, Pennachio is not prohibited from asserting priority of use as a defense to Restivo's claims of infringement. Second, he contends that even if he is prohibited from asserting priority in support of his Counterclaims—rather than only as a defense to the infringement claims—the Motion to Dismiss still fails because Pennachio is challenging Restivo's ownership of the LINEAR mark based, not only the 2013 Registration, but also on Restivo's allegedly fraudulent Section 8 and 15 filings made in 2018 and 2019. The Court agrees with Pennachio's second argument.

In the TTAB's order dismissing the Cancellation Proceedings, the authenticity of which Pennachio does not dispute, the TTAB dismissed Pennachio's petition for cancellation of the 2013 Registration with prejudice for failure to submit any evidence. Pennachio's primary argument in the Cancellation Proceedings was that he was the common law owner of the LINEAR mark because he had been using the mark since 1987. As previously stated, a TTAB ruling has preclusive effects if all other elements of *res judicata* are met. *B&B Hardware*, 575 U.S. at 152. Here, the TTAB's dismissal with prejudice constituted a final judgment on the merits. *See Ziel*,

2020 WL 4501802, at *5 (citing *Citibank, N.A. v. Data lease Fin. Corp.*, 904 F.2d 1498, 1501–02 (11th Cir. 1990) (holding that the TTAB's order dismissing the opposition "with prejudice" satisfies the requirement of a final judgment on the merits).  Moreover, there is no dispute that the same parties were involved in both the TTAB proceeding and the matter before the Court.

The fourth element of *res judicata* is where this case turns.  In his First Counterclaim, Pennachio seeks, *inter alia*, a declaration that "Restivo does not own a valid trademark, or have any legitimate interest or rights in the name "LINEAR."  (Countercl. ¶ 119(a), (h)).  The Second Counterclaim alleges a "False and/or Fraudulent Registration *and/or* Renewal of United States Trademark Registrations."  (*See id.* at 35 (emphasis added)).  In particular, Pennachio alleges that "[t]hrough the false and fraudulent statements and declarations of Restivo (and his trademark counsel), Restivo procured the [2013] Registration for LINEAR."  (*Id.* ¶ 121).  He also alleges, however, that "[s]eparate and apart from the fraud . . . upon the USPTO in 2012, LINEAR was neither owned by nor being used by Restivo at the time that he filed a Section 8 Declaration of Use on March 2, 2018" and "at the time he filed a Section 15 Declaration of Incontestability on April 18, 2019."  (*Id.* ¶¶ 123–24).  Lastly, in the Third Counterclaim, Pennachio seeks to cancel or transfer the LINEAR Mark, as well as Restivo's pending 2019 Application for LINEAR in connection with clothing and advertising services, to him.  In all three counterclaims, Pennachio is attempting to relitigate the validity of the 2013 Registration, which has already been decided by the TTAB.  The TTAB's findings denying cancellation of the 2013 Registration are accorded preclusive effect, so Pennachio is barred from relitigating the registration of the LINEAR mark in 2013.[3]  *See Ziel*, 2020 WL 4501802, at *5.

---

[3] This finding is in line with the Court's previous holding in its Order denying Restivo's motion for a temporary restraining order or preliminary injunction. (ECF No. 50).  There, the Court held that Pennachio was not precluded from raising prior use as a defense to the infringement claims,

This preclusive effect, however, does not result in dismissal of the First, Second, and Third Counterclaims in their entirety. This is so because Pennachio's counterclaims are also based on an argument that was not raised, nor could it have been raised, at the time Pennachio filed his cancellation petition with the TTAB in 2017; namely, that Restivo committed fraud upon the USPTO in 2018 and 2019 when he made his Section 8 and 15 filings. Consequently, these claims are not precluded by the TTAB decision issued in 2013.

To be clear, the Court reiterates its holding. Pennachio is limited to bringing the Registration Counterclaims based *only* on the purported fraud committed upon the USPTO in 2018 and 2019, but he cannot premise his counterclaims on the purported fraud committed prior to or in relation to the 2013 Registration itself. Whether these claims are meritorious is a question for another day, but, at this early stage, it cannot be said that the claims based on the allegedly fraudulent Section 8 and 15 Declarations are barred by *res judicata*.[4] Accordingly, the Registration Claims survive dismissal in part.

---

because those claims require the Court to determine if Defendant infringed on the LINEAR Mark, rather than the validity of the registration of the mark. As the Court held, the infringement claims are entirely different issues than what the TTAB had to decide, which was registration. *See Ziel*, 2020 WL 4501802, at *6.

[4] Restivo also maintains in his Reply that the Second and Third Registration Counterclaims cannot survive because Pennachio has not pled fraud with sufficient particularity, and instead, has only pled that the specimens filed in support of the 2018 and 2019 filings were merely "inadequate". (Reply at 2–5). The Court is unconvinced. A litigant seeking cancellation of a mark based on fraud on the USPTO must allege that (1) the challenged statement was a false representation regarding a material fact; (2) the person making the representation knew that it was false; (3) the person making the representation had the intent to deceive the USPTO; (4) reasonable reliance on the misrepresentation; and (5) damage proximately resulting from such reliance. *Sovereign Military Hospitaller*, 702 F.3d 1279, 1289 (11th Cir. 2012) (*Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1209 (11th Cir. 2008). Pennachio meets these requirements. He alleges that Restivo's representations of continuous use of the LINEAR mark in commerce during the five years following registration were false, (Counterclaim ¶¶ 86, 92, 136); that Restivo knew they were false because Pennachio based on his status as a former member of the Linear band, the oral agreement he entered into with Pennachio before and after Pennachio filed the first lawsuit

### ii.   Pending Application

As to the Third Counterclaim, Restivo also contends that it should be dismissed because district courts do not have the authority to transfer a pending application. Citing out-of-circuit case law, Pennachio responds that the Court has authority to cancel or transfer the pending application because there is a "sufficient nexus" between the pending application and a registered mark at issue in the case, i.e., the 2013 Registration. Restivo does not dispute that this "sufficient nexus" exception exists, but he argues that the 2013 Registration is not at issue here, and thus there is no "nexus" with the pending application.

The statutory authority allowing district courts to cancel registrations is 15 U.S.C. § 1119, which states that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." By its plain language the statute seems to imply that Section 1119 only applies to a "registered mark." *See Buccallati Holding Italia SPA v. Laura Buccellati, LLC*, No. 13-cv-21297, 2014 WL 11880856, at *5 (S.D. Fla. Jan. 3, 2014). Other courts agree with this interpretation. *See, e.g.*, *id.* (citing *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 241 (S.D.N.Y. 2000)). But an exception exists. A district court "may exercise authority over a trademark application as long as that application is sufficiently similar (such as in sound, look, and meaning)

---

against him, (*id.* ¶¶ 68–75, 137, 140); that Restivo intentionally made the fraudulent statements because at the time he made the filings, he knew Pennachio had been the one in continuous use of the mark, (*id.* ¶ 140); that "the United States Patent and Trademark Office would not have registered the mark LINEAR had it known that Restivo was not using the mark in United States commerce[,]" (*id.* ¶ 139); and, finally, that Pennachio has been and continues to be damaged and harmed by Restivo's continued registration and renewal of the mark LINEAR, (*id.* ¶ 141). These factual allegations are sufficient to lead to an inference that Restivo intentionally defrauded the USPTO.

to the registered trademark at issue in the underlying litigation." *D.B.C. Corp. v. Nucita Venezolana, C.A.*, 464 F. Supp. 3d 1323, 1332 (S.D. Fla. 2020).

Restivo's only argument in favor of his position is that "the 'only registered mark at issue' cannot be litigated" because claim preclusion bars the cancellation or transfer of this registration. (Reply at 6, ECF No. 66). Although Restivo is correct that Pennachio is barred from contesting the registration of the LINEAR mark in 2013, the mark itself is still at issue because the claims of the purportedly fraudulent renewal are still pending. Because Restivo does not contest that the pending application is sufficiently related to the registered mark at issue in this case, the Court need not determine the issue at this time. Restivo's Motion to Dismiss the Third Counterclaim is therefore denied.

Accordingly, the Court finds that Pennachio's First, Second, and Third Counterclaims survive only as to the claims premised upon the 2018 and 2019 allegedly fraudulent declarations. *Res judicata* prohibits Pennachio from relitigating the registration of the LINEAR mark in 2013, but not his renewals. Restivo's Motion is therefore granted in part and denied in part as to these three counterclaims.

### B.  The Infringement Counterclaims Are Not Subject to Dismissal

Restivo moves for dismissal of the Fourth, Fifth, Sixth, and Seventh Counterclaims arguing that these claims are barred by the doctrine of laches and issue preclusion. As to the Seventh Counterclaim, Restivo also advances that the claim is preempted pursuant to 15 U.S.C. § 1125(c)(6). The Court addresses each argument in turn below.

### i.    Laches

Restivo argues that Pennachio's Fourth, Fifth, Sixth, and Seventh Counterclaims are time-barred by the applicable statute of limitations and the defense of laches. Restivo argues that

Pennachio indicated in his Counterclaims that he was aware of Restivo's infringing use of LINEAR in 2012, but he did not file a claim for infringement until 2022 and that this prejudicial ten-year delay bars all of Pennachio's Infringement Counterclaims under the Lanham Act and analogous Florida statutes.  Pennachio counters that he did not delay asserting his rights because he filed an opposition to Restivo's then-pending trademark application in 2012, and he filed a Petition for Cancellation of the 2013 Registration, which was litigated until 2017.

Courts may apply the equitable defense of estoppel by laches to bar claims for trademark infringement brought under the Lanham Act.  *Kason Indus. v. Component Hardware Grp., Inc.*, 120 F.3d 1199, 1203 (11th Cir. 1997).  A defendant must establish three elements to assert laches as a defense: "(1) a delay in asserting a right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted."  *Id.*  Although the Lanham Act does not contain a statute of limitations, this Circuit "applies the period for analogous state law claims as the touchstone for laches."  *Id.* (citing *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1545 (11th Cir. 1986)); *see Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1141 (11th Cir. 2018).  In Florida, this period is four years.  Fla. Stat. § 95.11(3), (6).

The only claims Pennachio is allowed to proceed on are those based on the allegedly fraudulent Section 8 and 15 filings made by Restivo in 2018 and 2019.  It is unclear at this early stage in the proceedings when Pennachio discovered the facts that gave rise to these claims.  The Court therefore cannot determine whether there was in fact a delay.  Accordingly, Restivo's motion to dismiss is denied on this basis.

### ii.   Issue Preclusion

Restivo once again argues before this Court that Pennachio is not allowed to relitigate the issue of priority of use because this has already been decided by the TTAB.  This argument fails at this juncture.

Issue preclusion requires four elements: "(1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding."  *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986) (citations omitted).  In trademark infringement cases, where the elements of issue preclusion are met and the usages adjudicated by the TTAB are materially the same as those before the district court, issue preclusion should apply. *B&B Hardware*, 135 S. Ct. at 1310.

At this stage, the Court cannot find that the issue of priority was identical to the one involved in the prior litigation or that the issue was "actually litigated" in the TTAB proceeding. To begin with, the TTAB proceeding sought to cancel a *registration*, whereas the issues in these counterclaims involve trademark *infringement*.  Thus, based on the TTAB documents before the Court at this juncture, it does not appear that the issues are identical.  Moreover, Restivo contends that Pennachio actively litigated this issue before the TTAB for four years, and that he filed various motions arguing the issue of priority.  But, at this time, the Court is not privy to the entire record before the TTAB and cannot make a determination as to whether the issue of priority was actually litigated.  In the documents before the Court, which include the TTAB's decision on Pennachio's motion for summary judgment and the order on dismissal of the cancellation proceedings, the

13

TTAB does not make a determination as to the issue of priority.  In fact, in its order on summary

judgment, the TTAB finds that "this is not a simple case, that the record suffer[ed] from significant

evidentiary gaps, and that all material facts in [that] proceeding are disputed."  (ECF No. 40-6 at

8).  In the Order dismissing the Cancellation Proceedings, the TTAB does not address the issue of

priority.  The Court does not suggest that these TTAB orders cannot be the basis for issue

preclusion, but merely holds that, without the benefit of the full record, including the documents

submitted by Pennachio in the cancellation proceeding and the arguments made, the Court cannot

grant dismissal of the Infringement Counterclaims based on issue preclusion.

### iii.    Preemption

Next, Restivo argues, without citing to any authority, that the Seventh Counterclaim for

trademark dilution is preempted by the Federal Trademark Dilution Act ("FTDA"), 15 U.S.C. §

1125(c)(6).

The FTDA provides that "[t]he ownership by a person of a valid registration . . . on the

principle register under this chapter shall be a complete bar to an action against that person, with

respect to that mark, that—(A) is brought by another person under the common law or a statute of

a State; and (B)(i) seeks to prevent dilution by blurring or dilution by tarnishment; or (ii) asserts

any claim of actual or likely damage or harm to the distinctiveness or reputation of a mark, label,

or form of advertisement."  15 U.S.C. § 1125(c)(6).

Restivo contends that because he is the owner of the LINEAR mark, Pennachio's dilution

claims are preempted.  His argument inherently fails because the validity of his ownership in the

LINEAR mark is still at issue in this case.  Although Pennachio cannot contest the validity of the

2013 Registration itself, his claims for fraud upon the USPTO in 2018 and 2019 survive dismissal and are pending before this Court.  Thus, Restivo's Motion is denied.

For the foregoing reasons, Restivo's Motion to Dismiss is denied as to the Fourth, Fifth, Sixth, and Seventh Counterclaims.  These claims may proceed.

### C.  The Eighth Counterclaim is Not Subject to Dismissal

Finally, Restivo also moves to dismiss Pennachio's Eighth Counterclaim for breach of contract on the basis that the purported oral agreement between the parties is barred by the statute of frauds.  Pennachio alleges that in 2008, he and Restivo entered into an oral agreement in which Restivo "agreed not to use LINEAR, or anything confusingly similar to LINEAR, as a trademark or brand, or in a manner that could confuse consumers into believing that he was a current member of LINEAR, or that he currently was associated with LINEAR."  (Countercl. ¶ 181).  In exchange, Pennachio agreed not to pursue legal action against Restivo.  (*Id.* ¶ 179).

Florida's statute of frauds provides that "[n]o action shall be brought . . . upon any agreement that is not to be performed within the space of 1 year from the making thereof . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith[.]"  Fla. Stat. § 725.01.  Thus, "[u]nder well-settled Florida law, the statute of frauds bars the enforcement of a contract where the parties intended and contemplated that performance of the agreement would take longer than one year."  *Dwight v. Tobin*, 947 F.2d 455, 459 (11th Cir. 1991); *see also First Realty Inv. Corp. v. Gallagher*, 345 So. 2d 1088, 1089 (Fla. 3d DCA 1977) ("recognizing that "[t]he primary factor to be utilized in determining whether or not an oral contract is to be performed within the one-year limitation of the statute is, of course, the intent of the parties.").  "The intent of the parties may be inferred from the 'surrounding circumstances' or the 'object to be accomplished.'"

*Dwight*, 947 F.2d at 459. But, "[c]ourts in this district have held that the intent of the parties is a factual inquiry which makes a determination of the applicability of the statute of frauds improper on a motion to dismiss." *Hugues v. Priderock Capital Partners, LLC*, 2018 WL 3699348, at*2 (S.D. Fla. May 31, 2018) (collecting cases).

Restivo asserts that the oral agreement is unenforceable pursuant to the statute of frauds because the parties intended the alleged oral promise to last into perpetuity. The general rule, however, is that an "an oral contract for an indefinite time is not barred by the Statute of Frauds. Only if a contract *could not* be performed within one year would it fall within the statute." *Byam v. Klopcich*, 454 So. 2d 720, 721 (Fla. 4th DCA 1984) (emphasis added). There is nothing in the Counterclaim to suggest that the oral agreement *could not* be performed within one year and, at this stage, the Court is unable to determine from the pleadings whether the parties intended the contract to be performed within one year. This factual inquiry is more appropriately left for a later day. Pennachio's Eighth Counterclaim therefore survives dismissal.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Restivo's Motion to Dismiss, (ECF No. 62), is **GRANTED in part and DENIED in part**, as stated herein. Restivo shall file an answer to the Counterclaim **within fourteen days** from this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of September, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record